10-4257-cv
Tomasino v. St. John's University

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand twelve.

PRESENT:
>           DENNIS JACOBS,
>                   *Chief Judge,*
>           AMALYA L. KEARSE,
>           PETER W. HALL,
>                   *Circuit Judges.*

_____

Adriana C. Tomasino,

>           *Plaintiff-Appellant,*

>           v.                                        10-4257-cv

St. John's University,

>           *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:          Adriana C. Tomasino, *pro se*, Brooklyn, NY.

FOR DEFENDANT-APPELLEE:          Lyle S. Zuckerman, Vedder Price P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Adriana C. Tomasino, *pro se*, appeals from the judgment of the district court, granting Defendant-Appellee St. John's University summary judgment on Tomasino's employment-discrimination claims. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review *de novo* a grant of summary judgment, considering whether the district court correctly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Having conducted an independent and *de novo* review, we affirm for substantially the reasons stated by the district court in its thorough and well-reasoned decision of September 23, 2010.

[1] No reasonable factfinder could conclude on the record that Tomasino was fired on the basis of her race or national origin as opposed to her insubordination and misconduct. She offers explanations for why she failed to conduct certain presentations as instructed by her supervisor, or call in when out sick, or personally notify her supervisor when she left the office. But even accepting her explanations, there is no genuine issue of material fact. Tomasino has identified no evidence that would permit a rational factfinder to infer that Defendant was motivated by any unlawful discriminatory intent. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) ("[A] reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that

2

discrimination was the real reason.") (emphasis omitted); *cf. Timothy v. Our Lady of Mercy Med. Ctr.*, 233 F. App'x 17, 20 (2d Cir. 2007) (summary order) ("Even assuming, however, that inconsistencies or other indicia of pretext are present, they would not here support, either alone or in conjunction with the other evidence, an inference that discrimination on the basis of [plaintiff's protected status] was the real reason for any of these allegedly adverse actions." (citing *Fisher v. Vassar Coll.*, 114 F.3d 1332, 1339 (2d Cir. 1997) (*en banc*), *abrogated on other grounds by Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000)).

**[2]** Tomasino's religious-discrimination claim also fails. Even assuming *arguendo* that Tomasino could establish a *prima facie* case for this claim, Defendant was entitled to judgment as a matter of law because it offered her a reasonable accommodation for her desire to act as a lector at a weekday Mass: she could take her lunch hour at 11:15 a.m. so that she could serve as lector at the 12:15 p.m. Mass. Tomasino's objection to an early lunch hour does not render the accommodation unreasonable. *See Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) ("In formulating such an accommodation, both the employer and employee should remain flexible, with an eye toward achieving a mutually acceptable adjustment. . . . [T]o avoid Title VII liability, the employer need not offer the accommodation the employee prefers. Instead, when any reasonable accommodation is provided, the statutory inquiry ends.").

**[3]** Defendant was entitled to judgment as a matter of law on the retaliation claim because Tomasino failed to establish a causal connection between her protected activity and the adverse employment action that followed. The only basis Tomasino offered for establishing that connection was the proximity between the complaint she made to Human Resources on September 14 and her October 6 termination. However, because the record is replete with undisputed evidence that Defendant imposed progressive discipline against Tomasino well before September, an inference of discrimination will not arise based solely on the proximity between her complaint and termination. *See Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001) ("Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise.").

3

We have considered all of Tomasino's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk